UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
NEW YORK STATE TEAMSTERS CONFERENCE
PENSION & RETIREMENT FUND, by its Trustees,
John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr.,
Mark Gladfelter, Bob Schaeffer, Brian Hammond, Mark
May and Paul Markwitz,

                    Plaintiffs,               **COMPLAINT**

               -vs-

H.W. ACKER & SONS, INC.,             Case No. 5:19-CV-0164 (BKS/ATB)

                    Defendant.

The Plaintiffs, New York State Teamsters Conference Pension & Retirement Fund and its Board of Trustees (hereinafter referred to as the "Pension Fund"), by its attorneys, Paravati, Karl, Green & DeBella, LLP, complaining of the Defendant herein, respectfully allege and state that:

**JURISDICTION AND VENUE**

1. The instant action arises under the Employee Retirement Income Security Act of 1974, as amended (hereinafter referred to as "ERISA"), 29 U.S.C. §1001 et seq., and the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 U.S.C. §141 et seq., as hereinafter more fully appears.

2. Jurisdiction is conferred upon this Court by 29 U.S.C. §1132 (a),(e)(1) and 29 U.S.C. §185.

3. Venue properly lies in the United States District Court for the Northern District of New York (hereinafter referred to as the "Northern District") pursuant to 29 U.S.C. §1132(e)(2) since the Pension Fund is administered within said Northern District.

1

4. Venue also lies in this judicial district pursuant to the rules and regulations of the Pension Fund that an action of this type shall be brought in the Northern District.

## PARTIES

5. The Pension Fund is an employee benefit fund that was created and exists pursuant to an Agreement and Declaration of Trust entered into between participating employers and union locals affiliated with the International Brotherhood of Teamsters (hereinafter referred to as the "Teamsters") and is a multi-employer plan (hereinafter referred to as the "Plan") as defined in 29 U.S.C. §1002(37)(A).

6. The Pension Fund has its offices at, and is administered from, 151 Northern Concourse, Syracuse, New York 13212.

7. John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr., Mark Gladfelter, Bob Schaeffer, Brian Hammond, Mark May and Paul Markwitz are the individual trustees of the Pension Fund and are "fiduciaries" as defined in 29 U.S.C. §1002(21).

8. Upon information and belief, and at all times herein mentioned, H.W. Acker & Sons, Inc., (hereinafter referred to as "Acker") is a domestic corporation with offices at 1 Salem Street, Colonie, New York 12205 and is an "employer" as defined in 29 U.S.C. §1002(5).

9. As a condition precedent to participating in the Pension Fund Plan, employers must execute a collective bargaining agreement with the Teamsters and a participation agreement with the Pension Fund both of which agreements require the participating employer to make employee benefit contributions to the Plan. The participation agreement is one of the Plan documents that sets forth the terms and conditions by which the employer must contribute to the Pension Fund.

10. Upon information and belief, at all times relevant hereto, Acker was a participating employer in the Pension Fund and signatory to both a participation agreement with the Pension Fund and a collective bargaining agreement with Teamsters Local 294 ("Agreements").

11. As a participating employer, Acker is also bound by the terms of the Trust Agreement, Agreements and Plan documents as well as the rules and regulations adopted by the Trustees.

## FIRST COUNT

12. Plaintiffs repeat, reallege and incorporate herein all of the allegations contained in paragraphs "1" through "11", inclusive.

13. Pursuant to the provisions of the participation agreement, collective bargaining agreement and Plan, Acker herein agreed to make certain benefit contributions to the Pension Fund on behalf of all of its covered employees; further, and pursuant to 29 U.S.C. §1145, Acker is required to contribute to the Pension Fund in accordance with the terms of the Plan and/or Agreements.

14. Pursuant to the participation agreement and Plan, Acker further agreed that the Pension Fund could audit its books and records in order to determine if contributions were properly made on behalf of all covered employees. In the event the audit disclosed that Acker did not fully comply with the terms of the participation agreement and Plan, and that contributions were not properly made, Acker would be liable for all contribution delinquencies, liquidated damages, and audit fees, along with interest, costs and reasonable attorneys' fees pursuant to ERISA, 29 U.S.C. §1132(g)(2).

15. On or about June 19, 2017, an audit was conducted of Acker's books and records wherein it was determined that it owes the Pension Fund delinquent employee benefit

contributions and liquidated damages in the amount of $18,852.39 (audit fee waived) for the period January, 2009 through December, 2015 (hereinafter referred to as the "Audit Liability").

16. On numerous occasions, the Pension Fund notified Acker of the Audit Liability and made demands for payment of same.

17. However, despite ongoing demand for payment, Acker has failed, refused and/or neglected to remit any payment to the Pension Fund.

18. Acker's failure and refusal to satisfy the Audit Liability is in violation of ERISA, 29 U.S.C. §1145, as well as the terms of the Plan, Plan documents and/or agreements that require payment of the contributions, liquidated damages and audit fees due the Pension Fund.

19. Accordingly, Acker is liable to the Pension Fund in the amount of $18,852.39 for delinquent employee benefit contributions and liquidated damages due as of January 31, 2019, (audit fees having been waived by the Pension Fund) along with interest, costs and attorneys' fees under ERISA, 29 U.S.C. §1132(g)(2), the Plan, Plan documents and/or agreements to which Acker was a party.

## SECOND COUNT

20. Plaintiffs repeat, reallege and incorporate herein all of the allegations contained in paragraphs "1" through "19" inclusive above.

21. In regard to the aforesaid delinquent employee benefit contributions, federal law mandates that the Pension Fund be awarded additional compensatory relief. Pursuant to 29 U.S.C. §1132(g)(2), the Pension Fund shall be awarded, in addition to the unpaid employee benefit contributions and liquidated damages, interest on the unpaid contributions, the greater of liquidated damages or an additional interest award, reasonable attorneys' fees and costs.

22. Since the instant action was commenced by the Pension Fund pursuant to ERISA, in the event judgment is awarded in favor of the Pension Fund, and pursuant to 29 U.S.C. §1132(g)(2), the Pension Fund requests the unpaid Audit Liability, interest at a Fund determined rate, an additional award of the greater of interest or liquidated damages as established by the participation agreement and Plan, reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiffs demand judgment against Acker as follows:

A. The sum of $18,852.39 due the Pension Fund for delinquent employee benefit contributions and liquidated damages as of January 31, 2019.

B. Additional delinquent employee benefit contributions and liquidated damages due after January 31, 2019.

C. Interest on the delinquent contributions in accordance with 29 U.S.C. §1132(g)(2)(B).

D. An additional award of the greater of interest or liquidated damages in accordance with 29 U.S.C. §1132(g)(2)(C).

E. Costs and reasonable attorney's fees in accordance with 29 U.S.C. §1132(g)(2)(D).

F. Such other and further relief as to this Court may seem just and proper.

Dated:  February 8, 2019        **PARAVATI, KARL, GREEN & DEBELLA, LLP**
       Utica, New York

                              By:  /s/ Vincent M. DeBella
                                  Vincent M. DeBella, Esq. (101465)
                                  Gerald J. Green, Esq. (101850)
                                  Attorneys for Plaintiffs
                                  **OFFICE & P.O. ADDRESS**
                                  520 Seneca Street, Suite 105
                                  Utica, New York 13502
                                  Tel: (315) 735-6481
                                  Fax: (315) 735-6406
                                  E-mail: vdebella@pkgdlaw.com
                                  E-mail: gjgreen15@yahoo.com